**JUN QING ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05-1680-ag.**

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Lawrence J. Laurenzi, Acting United States Attorney for the Western District of Tennessee, Monica M. Simmons, Assistant United States Attorney, Memphis, TN, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Jun Qing Zhang, through counsel, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider. We assume the

**54**

parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d. Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

The BIA did not abuse its discretion in denying Zhang's motion, which was filed in January 2005, as untimely. To the extent that Zhang's motion was a motion to reconsider the BIA's June 2002 decision denying his 2002 motion to reopen, it was filed well beyond the 30–day filing deadline under the regulations. *See* 8 C.F.R. § 1003.2(b)(2). To the extent that Zhang's motion was a motion to reopen the BIA's November 1998 decision denying his appeal, it was filed several years beyond the 90–day filing deadline. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, Zhang did not argue in his motion that there were changed circumstances in China that would excuse the untimely filing of that motion, and the documentation he submitted did not demonstrate such circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Zhang's pending motion for a stay of removal in this petition is DENIED as moot.